# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| ARNOLD S. GOODSTEIN | ) | Case # 10-04204-DD |
| | ) | |
| | ) | |
| Debtor. | ) | |

## FIFTH MOTION FOR ENLARGEMENT OF TIME

Michelle L. Vieira, Chapter 7 Trustee ("Trustee") for the Estate of Arnold S. Goodstein, Case No. 10-04204-dd (the "Estate"), hereby moves the Court for an Order, pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy Procedure, further enlarging the time in which the Trustee may bring certain actions. In support thereof, the Trustee submits the following:

1. The Debtor, Arnold S. Goodstein, filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of South Carolina (the "Bankruptcy Court"), Case No. 10-04204 (the "Bankruptcy"), on June 11, 2010.

2. The case was converted to Chapter 7 by Order of the Bankruptcy Court entered on August 17, 2010, and Trustee was appointed the Chapter 7 Trustee.

3. This is a complex case, involving over 28 entities owned or controlled by the Debtor, multiple parcels of real estate owned by the various entities, multiple transfers of property to insiders, and thousands of documents. In her evaluation of one claim alone, the Trustee was provided approximately 12,000 pages of documents for review.

4. In her investigations, the Trustee has identified a number of complex transactions involving insiders which may constitute fraudulent transfers under the Bankruptcy Code

and under S.C. Code § 27-23-10, commonly known as the Statute of Elizabeth. The Trustee has identified a number of transactions which may give rise to actions under 11 U.S.C. §§ 544, 547, and/or 548, as well as S.C. Code § 27-23-10, and other sections of the Bankruptcy Code and common law. These potential actions are hereafter referred to as the "Avoidance Actions".

5. To further investigate the Avoidance Actions, the Trustee filed Petitions for orders to conduct Rule 2004 examinations of Arnold S. Goodstein and Diane S. Goodstein, and the Court entered orders on May 1, 2012, allowing such examinations.

6. After consultation with counsel for Arnold S. Goodstein and Diane S. Goodstein, the 2004 examinations were scheduled for May 23 and May 25, respectively.

7. On May 2, 2012, the Trustee served Subpoenas upon Arnold S. Goodstein and Diane S. Goodstein, through counsel authorized to accept such service, commanding attendance at the 2004 examinations and requesting the production of certain documents on or before May 16, 2012.

8. On May 16, 2012, counsel for Arnold S. Goodstein notified the undersigned that although Arnold S. Goodstein and Diane S. Goodstein had worked diligently to comply with the subpoena for document production, they were unable to complete the compilation of the documents by May 16, 2012. Counsel for Arnold S. Goodstein suggested that the dates for the 2004 examinations be rescheduled to allow sufficient time for the document production and review, and that the statutes of limitations be tolled to avoid any prejudice from the delay.

9. The Trustee subsequently entered into a Tolling Agreement with Arnold S. Goodstein, Diane S. Goodstein, and other entities owned and/or controlled by them, and a Consent Order was entered on May 22, 2012, extending the deadline until July 11, 2012.

10. Subsequently, certain health issues of the parties necessitated a further extension of the limitations period and ongoing discovery, and the parties agreed to an extension until August 20, 2012, and then agreed to further extension to November 20, 2012, to accommodate the health concerns. Due to scheduling issues, the parties agreed to a further extension to January 20, 2013 for the filing of the Avoidance Actions, and agreed that the 2004 examinations would occur on November 19, 20 and 21, 2012. At the time of the last extension, as indicated in the Third Amended Tolling Agreement, Arnold S. Goodstein and Diane S. Goodstein represented that they believed they had provided all documents responsive to the Subpoenas, to the best of their knowledge.

11. On November 16, 2012, the parties discovered that a number of documents responsive to the Subpoenas inadvertently had not been provided to the Trustee. Due to the lack of time to receive and review the additional documents, the parties have agreed to reschedule the 2004 examinations and have agreed to a further extension of the deadline to file the Avoidance Actions, through and including March 20, 2013, as indicated in the Fourth Amended Tolling Agreement attached hereto as **Exhibit A**.

12. It is in the interests of the Estate and its creditors that the limitations period under 11 U.S.C. § 546 be extended for a period up to and including **March 20, 2013**, to allow the Trustee the opportunity to fully investigate these claims and to allow the 2004 examination to be conducted well in advance of the deadline for filing an action.

13. The Trustee requests an order enlarging the time in which the Trustee may commence the Avoidance Actions and that the tolling period agreed to between the Trustee and other parties in interest be approved and adopted by the Court to enlarge the time period to commence the Avoidance Actions.

RESPECTFULLY SUBMITTED on this the ___ day of December, 2012, at Columbia, South Carolina.

> BARTON LAW FIRM, P.A.
>
> BY: /s/ Barbara George Barton
> Barbara George Barton, #1221
> Attorney for the Trustee
> 1715 Pickens Street
> P. O. Box 12046
> Columbia, South Carolina 29211
> Tele: (803) 256-6582
> Fax: (803) 779-0267

I Consent:

/s/ R. Geoffrey Levy
R. Geoffrey Levy
Attorney for the Debtor

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| ARNOLD GOODSTEIN | ) | Case # 10-04204-DD |
| | ) | |
| | ) | |
| Debtor. | ) | |

## FOURTH AMENDED TOLLING AGREEMENT

WHEREAS, Michelle L. Vieira, as Chapter 7 Trustee ("Trustee") for the Estate of Arnold Goodstein, Case No. 10-04204-dd (the "Estate"), believes that she may have claims on behalf of the Estate against Arnold Goodstein, Diane S. Goodstein, Summerville Homes, LLC, Carmel Carolina Company LP, DSG Acquisitions, LLC, and DSG Two Acquisitions, LLC, and possibly other entities owned or controlled by Arnold Goodstein and/or Diane S. Goodstein (together, the "Defendants", and together with the Trustee, the "Parties") under 11 U.S.C. §§ 544, 547, and/or 548, as well as S.C. Code § 27-23-10, and other sections of the Bankruptcy Code and common law (jointly, "Avoidance Actions");

WHEREAS, the Trustee filed Petitions for orders to conduct Rule 2004 examinations of Arnold Goodstein and Diane S. Goodstein, and the Court entered orders on May 1, 2012, allowing such examinations;

WHEREAS, after consultation with counsel for Arnold Goodstein and Diane S. Goodstein, the 2004 examinations were scheduled for May 23 and May 25, respectively;

WHEREAS, on May 2, 2012, the Trustee served Subpoenas upon Arnold Goodstein and Diane S. Goodstein, through counsel authorized to accept such service, commanding



EXHIBIT A

attendance at the 2004 examinations and requesting the production of certain documents on or before May 16, 2012;

WHEREAS, Arnold Goodstein and Diane S. Goodstein were unable to complete the compilation of the documents by May 16, 2012;

WHEREAS, the Parties hereto agreed that it was in the best interests of the Estate and the Defendants to extend the time to comply with the production of documents pursuant to the Subpoena, to reschedule the 2004 examinations for a later date, and to postpone the initiation of litigation concerning the Avoidance Actions in order to provide adequate time for discovery and exploration of the possibility for settlement;

WHEREAS, subsequent to the original extension, health issues necessitated a further extension and the parties agreed to an additional extension first through August 20, 2012, and then through November 20, 2012, with the 2004 examinations to be scheduled well in advance of November 20, 2012;

WHEREAS, in early October, 2012, Diane S. Goodstein and Arnold Goodstein indicated that their respective healthcare and work related schedules made it difficult for them to be available for examination until November 19 and 20, necessitating a further extension of the tolling agreement, whereupon the parties agreed that (1) Diane S. Goodstein and Arnold Goodstein believed that they had provided all documents responsive to the Subpoenas as of October 2, 2012, to the best of their knowledge; (2) any applicable statute of limitation and/or time-based defense would be tolled until and including January 20, 2013; and (3) the 2004 examinations of Diane S. Goodstein and Arnold Goodstein would be scheduled for November 19, 20 and 21, 2012.

WHEREAS, on November 16, 2012, the parties discovered that certain documents

had inadvertently not been provided which are responsive to the Subpoenas.

WHEREAS, due to the production of the additional documents, and to allow for the review of the additional documents, and to otherwise insure the efficient use of both time and expense, all parties have agreed to a further extension.

NOW THEREFORE, in consideration of the recitals and mutual exchange of promises contained in this Fourth Amended Tolling Agreement, the Parties agree as follows:

1. All applicable statutes of limitations and other time-based defenses, including but not limited to the limitations set forth in 11 U.S.C. § 546, to the Avoidance Actions, are hereby tolled for a period to and including **March 20, 2013**, as to any Avoidance Action which would not have been barred had any such Avoidance Action been properly filed in a court of competent jurisdiction prior to May 17, 2012.

2. The Parties agree that the time elapsed between May 17, 2012 and March 20, 2013 shall be excluded from any computation of time for purposes of any time-based argument or time-based defense based on statutes of limitations, laches, estoppel, waiver, and any other time-based defense or right.

3. The Parties agree to consult regarding any other documents required by the Subpoenas such that all requested documents will be produced no later than **December 14, 2012**.

4. The Parties further agree to reschedule the required 2004 examinations over at least three (3) days, at a mutually convenient time in December 2012 or January 2013. The parties acknowledge that if the examination of Diane S. Goodstein is scheduled to occur after January 6, 2013, then it may have to be scheduled on a Saturday.

5. Nothing herein shall be deemed as any admission of wrongdoing, liability or culpability of any kind. This Fourth Amended Tolling Agreement shall not be offered, received or introduced as evidence or used for any purpose whatsoever in any action or proceeding which may ensue in the event that the matter cannot be amicably resolved, except as to any right or defense based on statutes of limitations or other time-based defenses or arguments.

6. The Parties may agree in writing to further amend this Fourth Amended Tolling Agreement and extend the tolling period upon mutual agreement.

**WE AGREE, this ____ day of December, 2012:**

/s/ _____
Michelle L. Vieira, Chapter 7 Trustee

/s/ _____
Arnold S. Goodstein, on behalf of himself, individually, and any entity owned and/or controlled by Arnold Goodstein

/s/ _____
Diane S. Goodstein, on behalf of herself, individually, and any entity owned and/or controlled by Diane S. Goodstein

/s/ _____
Summerville Homes, LLC
By: Arnold S. Goodstein
Its: President

/s/ _____ President of Lambs Inc
Carmel Carolina Company LP            General Partner of Carmel
By: Diane S. Goodstein                Carolina, LP
Its: General Partner, Lambs, Inc., by and through its President, Diane S. Goodstein

/s/ _____, President
DSG Acquisitions, LLC
By: Diane S. Goodstein
Its: President

/s/ *Diane S. Goodstein, President*
DSG Two Acquisitions, LLC
By: Diane S. Goodstein
Its: President

culpability of any kind. This Fourth Amended Tolling Agreement shall not be offered, received or introduced as evidence or used for any purpose whatsoever in any action or proceeding which may ensue in the event that the matter cannot be amicably resolved, except as to any right or defense based on statutes of limitations or other time-based defenses or arguments.

6. The Parties may agree in writing to further amend this Fourth Amended Tolling Agreement and extend the tolling period upon mutual agreement.

WE AGREE, this 5 day of December, 2012:

/s/
Michelle L. Vieira, Chapter 7 Trustee

/s/
Arnold S. Goodstein, on behalf of himself, individually, and any entity owned and/or controlled by Arnold Goodstein

/s/
Diane S. Goodstein, on behalf of herself, individually, and any entity owned and/or controlled by Diane S. Goodstein

/s/
Summerville Homes, LLC
By: Arnold S. Goodstein
Its: President

/s/
Carmel Carolina Company LP
By: Diane S. Goodstein
Its: General Partner, Lambs, Inc., by and through its President, Diane S. Goodstein

/s/
DSG Acquisitions, LLC
By: Diane S. Goodstein
Its: President

/s/
DSG Two Acquisitions, LLC

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| ARNOLD GOODSTEIN | ) | Case # 10-04204-DD |
| | ) | |
| | ) | |
| Debtor. | ) | |

CERTIFICATE OF SERVICE VIA CM/ECF

I, Kathy Handrock, hereby certify that on behalf of Barbara George Barton, District Court I.D. #1221, Attorney for Michelle L. Vieira, the Chapter 7 Trustee, I served a copy of the **Motion For Enlargement of Time, filed December 7, 2012,** to the parties in interest via electronic filing and electronic transmission through CM/ECF pursuant to Rule 5 of the Federal Rules of Civil Procedure and Local Rule 5.05, as incorporated by Rule 7005 of the Federal Rules of Bankruptcy Procedure, and as further authorized by *Guidelines for the Filing of Documents*, Operating Order 08-07 (Bankr.D.S.C. 2008).

BARTON LAW FIRM, P.A.

BY:    /s/ Kathy Handrock
PO Box 12046
Columbia SC  29211-2046
TEL:  803.256.6582

December 7, 2012